FILED
99 MAR 16 PM 3:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 16 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FIDELITY WARRANTY SERVICES, INC., | } } } |
| Plaintiff, | } CIVIL ACTION NO. } |
| v. | } 98-AR-2042-M } |
| BILLY KIDD, | } } |
| Defendant. | } |

## MEMORANDUM OPINION

The court has before it a motion filed by defendant, Billy Kidd ("Kidd"), seeking a dismissal of the above-entitled action brought by plaintiff, Fidelity Warranty Services, Inc. ("Fidelity"). The only relief sought by Fidelity is to compel Kidd to arbitrate a dispute between the parties. The jurisdiction of this court is invoked on the basis of diversity of citizenship. The parties have briefed and argued the threshold questions as they view them, but the court is obligated to examine its own subject matter jurisdiction, and, if it determines that it lacks jurisdiction, it is required to dismiss the action *sua sponte*.

The jurisdictional facts are undisputed. Kidd filed a putative class action in the Circuit Court of Bibb County, Alabama, against three defendants, Fidelity, Limbaugh Toyota, Inc. ("Limbaugh"), and First Merchant Acceptance Corporation ("First Merchant"). Kidd's, Fidelity's and First Merchant's citizenships

1

are diverse. Kidd's and Limbaugh's citizenships are non-diverse. Kidd's state court complaint has several aspects. First, it anticipates a reliance by one or more of the defendants upon an arbitration clause contained in the sales agreement between Kidd and Limbaugh that is the central subject of the controversy. This agreement constitutes the documentation of the sale of an automobile by Limbaugh to Kidd. Kidd alleges that the clause is an "adhesion contract," "was drawn up by defendants" and was the result of misrepresentation by defendants. In other words, the arbitration clause that Fidelity seeks to enforce is under attack by Kidd in the state court. But Kidd's main claim, upon which he seeks to represent a class of similarly situated persons, is that there are hidden charges in the vehicle purchase agreement, that in the simultaneous loan transaction the charges were purposefully concealed, and that the charges are illegal and due to be cancelled under the law of Alabama. Kidd's complaint further contains a careful disclaimer, made on behalf of all members of his putative class, disavowing all claims by each plaintiff to any sums in excess of $74,000, and expressly waiving punitive damages. Kidd's complaint is crafted to meet the stringent pleading requirements recognized by this court in *Horton v. Alliance Mortgage Company,* CV-98-AR-0581-S, ___WL___ (N.D.Ala. Apr. 28, 1998), as a viable way to defeat any attempt to remove a putative class action from a state to a federal court.

In endeavoring to obtain entry to this court pursuant to 28 U.S.C. § 1332(a)(1), Fidelity alleges: "The value to Fidelity of the relief sought herein exceeds $75,000, exclusive of interest and costs."

Kidd challenges this court's jurisdiction, first alleging an absence of the requisite amount in controversy for a diversity removal. The court agrees that the jurisdictional amount is lacking, but for a reason not pointed out by Kidd, who premises his contention upon the carefully drafted monetary limitations in his state court complaint. Kidd next argues that Limbaugh is an indispensable party, so that the required complete diversity of citizenship is lacking. This court might go along with either or both of Kidd's said arguments, if it were not for another, more devastating, jurisdictional defect to be discussed *infra*.

Alternatively, Kidd questions Fidelity's standing to enforce the subject arbitration clause, arguing that Fidelity is not a signatory to the contract containing the clause. Again, the court might agree with Kidd if there were a sufficient jurisdictional basis to trigger a look at the question of standing. Kidd's various contentions in support of his motion to dismiss are, to say the least, intriguing. At another time and place they would be worthy of comment. But they are mooted in this case by what this court finds to be an unmentioned, initial, insurmountable jurisdictional obstacle.

The court starts with the sometimes overlooked proposition that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, is not a jurisdictional statute. The FAA provides nothing more than a **remedy**, both in federal and in state court, where there is a written agreement providing for the arbitration of disputes between the parties. The statute has a broad remedial application where interstate commerce is implicated in the slightest degree. However, **there must be an independent basis for federal jurisdiction** in order to obtain the FAA remedy in a federal court. *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466 (11th Cir. 1997). Therefore, the ultimate jurisdictional question in the present case becomes: "Has Fidelity sufficiently demonstrated the existence of $75,000 or more in controversy?" The answer, provided by *Ericsson GE Mobile v. Motorola Communications*, 120 F.3d 216 (11th Cir. 1997), is "No."

The opinion in *Ericsson GE* was written for the Eleventh Circuit by Judge Kravitch, who also wrote for the Eleventh Circuit in *Baltin*, *supra*. In *Ericsson GE,* the Eleventh Circuit concluded that the federal court lacked jurisdiction over an action brought by Ericsson GE ("EGE"), whose proposal to the City of Birmingham for a communications system had been rejected by the City in favor of a competing proposal by Motorola. EGE sought a federal injunction against the implementation of a multi-million dollar contract that had already been executed between the City and

4

Motorola. EGE invoked 28 U.S.C. § 1332 as its basis for federal jurisdiction. Because the subject matter involved millions of dollars, EGE, without hesitation, alleged, in conclusory fashion, the existence of the amount in controversy necessary for § 1332 jurisdiction. Simply put, EGE claimed that the Motorola contract was invalid under Alabama's competitive bid law because it was the result of chicanery. The Eleventh Circuit held:

> Although we recognize that there are persuasive arguments to support the adoption of the either-viewpoint rule, as a panel of this court, **we remain bound to follow the plaintiff-viewpoint rule** regardless of the wisdom we may attach to it. Only an *en banc* decision of this court or an intervening decision of the Supreme Court can alter the controlling law of this circuit.
>
> B. *Value of the Object of the Litigation*
>
> Having determined that the plaintiff-viewpoint rule governs, we now consider whether EGE has alleged an amount in controversy sufficient to satisfy the diversity statute. We first must determine the remedies available to EGE under Alabama law, and then consider the monetary value of the available relief.
>
> * * *
>
> Based on these cases, it appears to a legal certainty that EGE can obtain only an injunction voiding the contract entered into by the City and Motorola. **We must now determine whether the value of this injunctive relief to EGE is sufficiently measurable and certain to satisfy the $50,000 [now $75,000] amount in controversy requirement of the diversity statute.**
>
> * * *
>
> **Any benefit that EGE could receive from the injunctive relief awardable by the district court -- namely, the chance to rebid for the contract -- is, in our view, too speculative and immeasurable to satisfy the amount in controversy requirement.**

120 F.3d at 220-222 (footnote omitted) (emphasis supplied).

These expressions in *Ericsson GE* fit the present case like a

5

glove. Fidelity is the **plaintiff** here. It is the **plaintiff's viewpoint** from which the amount in controversy is to be ascertained. What is the "value to Fidelity of the relief it seeks," *i.e.*, the right to have Kidd's claim against it decided by an arbitrator, as distinguished from its being decided by a court and/or jury? Plaintiff's bare, conclusory allegation that "the value to Fidelity of the relief sought herein exceeds $75,000" is no more than wishful jurisdictional thinking. It is virtually identical to the wishful thinking indulged by EGE in *Ericsson GE*. It may be, as Fidelity alleges, that an arbitrator would give Kidd more than $75,000 less than a court and jury would give him, but how can anybody know? When there is no reasonable way to predict the outcome of a controversy in one forum as opposed to another, the descriptive words "speculative" and "immeasurable" come to mind. It is simply impossible to measure, or to quantify with any degree of certainty, the "value to Fidelity" of the mere right to an arbitration proceeding. The ultimate conclusion reached by the Eleventh Circuit in *Ericsson GE* was:

> We therefore hold that EGE has failed to satisfy the $50,000 amount in controversy requirement of 28 U.S.C. § 1332.

120 F.3d at 222.

Purloining the Eleventh Circuit's precise and here appropriate language, this court finds that Fidelity "has failed to satisfy the $75,000 amount in controversy requirement of 28 U.S.C. § 1332."

A separate *sua sponte* order dismissing this action without

6

prejudice will be entered.

DONE this __16th__ day of March, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE