IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FIDELITY WARRANTY SERVICES, INC., | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>} |
| v. | } 98-AR-2042-M<br>} |
| BILLY KIDD, | }<br>} |
| Defendant. | } |

FILED APR 22 1999

ENTERED APR 22 1999

**MEMORANDUM OPINION**

Plaintiff, Fidelity Warranty Services, Inc. ("Fidelity"), filed a timely motion pursuant to Rule 59 F.R.Civ.P., asking this court to reconsider its order dismissing Fidelity's action without prejudice for lack of subject matter jurisdiction. Fidelity's motion was orally argued after a responding brief was filed by defendant, Billy Kidd ("Kidd"). Fidelity supports its motion not only with a brief but with an affidavit from its senior vice president. That affidavit says: "A quick, efficient, out-of-court resolution by arbitration of the individual claims brought by Kidd against Fidelity Warranty, pursuant to the arbitration agreement that Kidd entered into is worth in excess of $75,000.00 to Fidelity Warranty." Conspicuously, Fidelity's counsel offer no binding commitment (comparable to Kidd's commitment that no plaintiff in his putative class action will seek or accept more than $74,000)

that the difference between their fees for providing Fidelity's defense in state court will exceed by more than $75,000 the fees they will charge for representing Fidelity in the proposed arbitration proceeding.

It is a simple matter for a person to hold an opinion of the "worth" of an intangible. Fidelity concedes that *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216 (11th Cir. 1977), recognizes a diversity plaintiff's obligation to satisfy the federal court <u>from plaintiff's viewpoint</u> that the amount in controversy exceeds $75,000 if he wants entry. This court fondly remembers its former life as an advocate. He occasionally had clients who were willing to pay sizeable fees to litigate over matters of "principle" that they deemed important, *i.e.*, "valuable." In fact, the undersigned is himself now a party to a case pending in the Supreme Court of the United States in which the monetary amount in controversy is much less than $75,000, but the principle is worth fighting for. There, reasonable attorneys fees may very well exceed $75,000. The undersigned honestly places a "value" in excess of $75,000 on the resolution of the issues in that case. Others, in all honesty, disagree with that evaluation.

Fidelity's affiant can only be talking about the <u>precedential value</u> of a grant of Fidelity's request for arbitration. Ericsson GE could have fairly and sincerely alleged in its complaint against

Motorola that the precedential value of a cancellation of the multimillion dollar contract between Motorola and the City of Birmingham was worth more than $75,000 to Ericsson GE. Such an allegation would, however, not have affected the outcome in *Ericsson GE*. The Eleventh Circuit would not have found that such a self-serving evaluation of the unmeasurable can boot-strap jurisdiction. Precedential value and value quantifiable in terms of money are two different things. One remains speculative. The other can be reduced to money-in-the-bank.

Kidd continues to insist that the value to Fidelity of its claimed right of arbitration is limited by the amount Kidd is suing it for in the state court, namely, $74,000. The court would agree if Kidd's pending case in the state court were an individual case and not a putative class action. Kidd can avoid the <u>removal</u> of a putative class action by limiting in advance and forever the *ad damnum* of each potential class member, but he cannot use that same device as a bar to an <u>original</u> action filed in a federal court, such as Fidelity's action here, when the <u>aggregate</u> recovery, if a class is certified and plaintiffs succeed on the merits, will likely exceed $75,000 despite each individual's disclaimer.

In this court's opinion, the speculative nature of Fidelity's right to arbitrate under the *Ericsson GE* analysis remains an unsurmountable obstacle to diversity jurisdiction. Accordingly, Fidelity's Rule 59 motion will be denied by separate order.

DONE this 22nd day of April, 1999.

                                          */s/ William M. Acker, Jr.*
                                          WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE